EMILY JOHNSON HENN (SBN 269482)
KATHRYN E. CAHOY (SBN 298777)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com
Email: mrodgers@cov.com

*Counsel for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAMAR ALBERTTO, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　　Defendant. | Civil Case No.: 2:25-cv-6701<br><br>**DEFENDANT APPLE INC.'S NOTICE OF REMOVAL**<br><br>(Removal from the Superior Court of California for the County of Los Angeles, Case No. 25STCV20217) |

　　　Defendant Apple Inc. ("Apple") hereby removes to this Court the action entitled *Albertto v. Apple Inc.*, Case No. 25STCV20217, from the Superior Court of the State of California for the County of Los Angeles. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d).

　　　In support of removal, Apple states as follows:

## I.     NATURE OF REMOVED ACTION

1. On July 8, 2025, Plaintiff Isamar Albertto ("Plaintiff") filed a putative class action complaint in the Superior Court of the State of California for the County of Los Angeles, captioned *Albertto v. Apple Inc.*, Case No. 25STCV20217.

2. Plaintiff contends that Apple "launched a pervasive marketing campaign" "spotlighting what it branded as the groundbreaking 'Apple Intelligence' suite of features" "to promote its latest iPhone 16 model," Complaint ("Compl.") ¶ 1, but that "these products [were not] equipped with specific 'Apple Intelligence' features," *id.* ¶ 7. On behalf of a putative class consisting of "[a]ll citizens of California who, within four years prior to the filing of this action, purchased any Apple device advertised as having Apple Intelligence, including the Apple iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, and other Apple devices[,]" *id.* ¶ 68, Plaintiff seeks to represent a class of "tens of thousands of [iPhone] purchasers," *id.* ¶ 71, and asserts claims under the California Unfair Competition Law ("UCL"), Cal, Bus. & Prof. Code §§ 17200, *et seq.*, the California False Advertising Law ("FAL"), Cal, Bus. & Prof. Code §§ 17500, *et seq.*, the California Legal Remedies Act ("CLRA"), Cal, Bus. & Prof. Code §§ 1750, *et seq.*, and the common law.

3. Plaintiff seeks remedies on behalf of the putative class for "monetary compensation in the form of damages, restitution and/or disgorgement"; "punitive damages, statutory penalties, and/or monetary fines"; "attorneys' fees and costs"; and "pre-judgment and post-judgment interest." Compl. at Prayer for Relief. Plaintiff also seeks injunctive relief, specifically requesting the "removal or modification of the Challenged Representations"; "disclosure of the Product's [sic] prior false advertising and removal or modification of the Challenged Representations"; "modification of the Products so that they live up to the Challenged Representations"; "discontinuance of the Products' manufacture, marketing, and/or sale," *id.* ¶ 26, as well as "requir[ing] Defendant to engage in an affirmative advertising campaign to dispel the public misperception of the Products resulting from Defendant's unlawful conduct," *id.* at Prayer for Relief.

4. By the time Plaintiff filed the Complaint, there were already seven class actions pending in federal court, all of which have been consolidated before the Honorable Judge Noël Wise of the United States District Court for the Northern District of California. *See* Order to Consolidate Cases, *Landsheft v. Apple Inc.*, Case No. 5:25-cv-03517-NW (Dkt. Nos. 28, 38). Three of these class actions assert nearly identical claims on behalf of an identical putative class of California "residents." *See also* Consolidated Compl., ¶ 496, *Landsheft v. Apple Inc.*, Case No. 5:25-cv-03517-NW (Dkt. No. 39).

5. On June 6, 2025, Plaintiff's Counsel filed a nearly identical complaint, *Salas v. Apple Inc.*, Case No. 25STCV15685, in the Superior Court of the State of California for the County of Los Angeles. *See* Ex. A. On June 17, Apple removed the *Salas* case under CAFA, 28 U.S.C. § 1332(d), to the United States District Court for the Central District of California, Case No. 2:25-cv-05509-MWF-SCC. *See* Ex. B. On June 24, 2025, Salas voluntarily dismissed his complaint pursuant to Federal Rule of Civil Procedure 41(a)(1). *See* Ex. C. Two weeks later, on July 8, 2025, Plaintiff's Counsel filed the present Complaint. The only two differences between the *Salas* complaint and the present Complaint are: (1) the named plaintiff and (2) the definition of the class as current and former California "citizens" as opposed to "residents." *See* Ex. D ¶¶ 27, 39, 68.

## II. PARTIES

6. Plaintiff Isamar Albertto is a citizen of Los Angeles County, California. Compl. ¶ 27.

7. Apple is a California corporation with its principal place of business in California. *Id*. ¶ 36.

## III. BASIS OF REMOVAL

8. This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less

than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6).

### A. This Case Is a "Class Action" under CAFA.

9. CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute . . . authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Congress has instructed that "the definition of 'class action' is to be interpreted liberally[,]" such that "lawsuits that resemble a purported class action should be considered class actions for the purpose of applying these provisions." S. Rep. No. 109-14, at 35 (2005), as reprinted in 2005 U.S.C.C.A.N. 3, 34; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

10. This case qualifies as a class action removable under Section 1332(d)(1)(B). Plaintiff's Complaint, which is styled as a "Class Action Complaint," states that she brings this action on behalf of herself and the following Class: "[a]ll citizens of California who, within four years prior to the filing of this action, purchased any Apple device advertised as having Apple Intelligence, including the Apple iPhone 16, iPhone 16e, iPhone 16 Plus, iPhone 16 Pro, iPhone 16 Pro Max, and other Apple devices[.]" Compl. ¶ 68.

### B. CAFA's Minimal Diversity Requirement is Satisfied.

11. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

12. The Complaint contends that both Plaintiff and Apple are citizens of California. Compl. ¶¶ 27, 36. Plaintiff purports to bring this action individually and on behalf of a class who "are, *or were*, citizens of California," Compl. ¶ 39 (emphasis added), and who bought iPhones over a four-year class period, *id.* ¶ 68. During Plaintiff's proposed four-year class period, Apple and other retailers sold iPhones to persons who were citizens

4
NOTICE OF REMOVAL

of California but have since taken up citizenship in states other than California. *See King v. Great Amer. Chicken Corp., Inc.*, 903 F.3d 875, 879 (9th Cir. 2018) ("Given the class definition" "[i]t seems likely that at least some others in the group would have moved out of California[.]"); *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("the proposed class reaches back to cover purchases made as long as four years before the filing of the complaint . . . and we imagine that at least some purchasers who were California citizens at the time of purchase subsequently moved to other states").

13. Because Apple is diverse from at least one member of the putative class, CAFA's minimal diversity requirement is satisfied. *See Mondragon*, 736 F.3d at 884 ("CAFA . . . replace[d] the typical requirement of complete diversity with one of only minimal diversity"); *Ehrman v. Cox Comms. Inc*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("a defendant's allegations of citizenship may be based solely on information and belief" and "a short and plain statement alleging that [plaintiff] and the putative class members [are not] citizens of California" is sufficient to satisfy the minimal diversity requirement); *see also Dart*, 574 U.S. at 87 (2014) ("courts should apply the same liberal rules to removal allegations as to other matters of pleading") (cleaned up).

**C.    CAFA's Numerosity Requirement is Satisfied.**

14. Plaintiff contends that the proposed class contains "at minimum, tens of thousands of purchasers, dispersed through the State of California." Compl. ¶ 71. Therefore, based on the face of the Complaint, the number of proposed class members exceeds CAFA's 100-member requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

**D.    CAFA's Amount-in-Controversy Requirement is Satisfied.**

15. CAFA jurisdiction requires that "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold. *Id.* § 1332(d)(6).

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," not an evidentiary submission. *See Dart*, 574 U.S. at 89; *accord Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015). In measuring the amount in controversy, the relevant inquiry is "what amount is put in controversy by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any." *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011) (citation and internal quotations omitted).

17. Here, Plaintiff seeks to recover "monetary compensation in the form of damages, restitution and/or disgorgement"; "punitive damages, statutory penalties, and/or monetary fines"; "attorneys' fees and costs"; and "pre-judgment and post-judgment interest." Compl. at Prayer for Relief.

18. Plaintiff contends that "damages include[e], but [are] not limited to, the amounts paid for the Products[.]" Compl. ¶ 92. The price of the iPhone models at issue in this case starts at $599.[1] Plaintiff contends that the Class includes, "at minimum, tens of thousands of purchasers[.]" *Id.* ¶ 71.

19. Apple does not concede that it is liable to Plaintiff or the putative class in any amount, or at all, nor does Apple concede that the price of the challenged products is a proper measure of damages. Nevertheless, given the extent of the relief that Plaintiff seeks, the size of the putative class, and the base cost of the products relevant to the putative class, the alleged amount in controversy plainly exceeds $5 million, exclusive of interest and costs. Thus, CAFA's amount-in-controversy requirement is satisfied. *See Dart*, 574 U.S. at 89.

---

[1] https://www.apple.com/shop/buy-iphone

### E. All of CAFA's Requirements Are Satisfied and Policy Reasons Further Support Removal.

20. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.[2]

21. Further, the interests of the class Plaintiff purports to bring this action on behalf of—current and former California "citizens"—are already being adjudicated in federal court. *See* Consolidated Compl., ¶ 496, *Landsheft v. Apple Inc.*, Case No. 5:25-cv-03517-NW (Dkt. No. 39).

22. The policy reasons for finding federal jurisdiction under CAFA further support removal of this case. *See Simon v. Marriott Int'l, Inc.*, 2019 WL 4573415, at *4 (D. Md. Sept. 20, 2019) (Plaintiffs "seek to plead around the minimal diversity requirement of CAFA" in order to "divest[] this court of jurisdiction it already has acquired." Plaintiffs' "attempt[] to represent class members already before the court . . . defeats the purpose of CAFA by forcing litigation of the same claims, in both state and federal court."); *Sanders v. Kia Am., Inc.*, 2023 WL 3974966, at *6 (C.D. Cal. June 13, 2023) ("where there is actually no difference between this action and the existing claims that are being pursued" in federal court "is exactly the type of case that CAFA envisioned as removable").

23. Moreover, it is well-settled law in the Ninth Circuit that a plaintiff may not amend his or her complaint "after a case has been removed to federal court[] to change the definition of the class so as to eliminate minimal diversity and thereby divest the federal court of jurisdiction." *Broadway Grill Inc. v. Visa Inc.*, 856 F.2d 1274, 1275 (9th Cir. 2017). This lawsuit is just that—an impermissible attempt by Plaintiff's Counsel to amend the class definition alleged in the identical *Salas* complaint that was validly removed to

---

[2] The recitation of the allegations and requests for relief above is not a concession that Plaintiff's allegations or legal theories have merit. To the contrary, Apple expressly reserves the right to assert all applicable defenses in this matter and denies that Plaintiff (and/or the putative class) is in fact entitled to any relief.

federal court. As noted above, there are only two differences between this Complaint and the *Salas* complaint: (1) the named plaintiff and (2) the definition of the class as California "citizens" rather than "residents." *See* Ex. D ¶¶ 27, 39, 68. Refiling an identical complaint with an amendment that divests the federal court of jurisdiction is no different than amending the originally-filed complaint to achieve the same objective. *Broadway Grill Inc.*, 856 F.2d at 1279 ("CAFA was intended to prevent[] an amendment changing the nature of the class to divest the federal court of jurisdiction."). This action should be removed pursuant to CAFA.

## IV. ALL PROCEDURAL REQUIREMENTS ARE SATISFIED.

### A. Timeliness of Removal

24. Apple was served with the Complaint on July 15, 2025.

25. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of Plaintiff's Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

### B. Propriety of Venue

26. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district.

#### 1. Intradistrict Assignment

27. Removal to the Western Division of the Central District of California is proper because it is the division within which the state action is pending.

### C. State Court Process, Pleadings, and Orders

28. A true and correct copy of the state court docket sheet is attached hereto as Exhibit E. In accordance with 28 U.S.C. § 1446(a), true and correct copies of the complaint and all other process, pleadings, and orders served on Apple in this case are attached hereto as Exhibit F.

**D.   Notice to State Court and Plaintiff**

29.   Counsel for Apple certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and served on Plaintiff promptly.

30.   If any question arises as to propriety of removal to this Court, Apple requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

31.   Apple reserves the right to amend or supplement this Notice.

WHEREFORE, the case now pending in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV20217, is hereby removed to the United States District Court for the Central District of California.

DATED: July 22, 2025

By: /s/ Megan L. Rodgers

EMILY JOHNSON HENN (SBN 269482)
KATHRYN E. CAHOY (SBN 298777)
MEGAN L. RODGERS (SBN 310344)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: ehenn@cov.com
Email: kcahoy@cov.com
Email: mrodgers@cov.com

*Counsel for Defendant Apple Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record. Service was also made via email upon the following:

Valter Malkhasyan
Erik Pogosyan
MALK & POGO LAW GROUP, LLP
1241 S Glendale Ave, Ste. 204
Glendale, CA 91205
Tel: (818) 484-5204
Fax: (818) 824-5144
valter@malkpogolaw.com
erik@malkpogolaw.com

*Counsel for Plaintiff Isamar Albertto and the Proposed Class*

                           /s/ Megan L. Rodgers
                          *Counsel for Defendant Apple Inc.*